UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ACTIAN CORPORATION,

        Plaintiff,

        v.

RADISYS CORPORATION, et al.,

        Defendants.

Case No. 22-cv-00895-PJH

**CASE MANAGEMENT
AND PRETRIAL ORDER**

Good cause appearing, the court hereby adopts the case management statement

of the parties except as modified by the following:

**PRETRIAL SCHEDULE**

TRIAL DATE: **August 14, 2023**, at 8:30 a.m., Courtroom 3, 3rd Fl., 1301 Clay Street, Oakland, California.

        JURY [X]     COURT []

TRIAL LENGTH: No more than **5** days.

PRETRIAL CONFERENCE DATE: **July 20, 2023**, at **2:00 P.M.**

DISPOSITIVE MOTIONS (Only one summary judgment motion per party is permitted without leave of court) TO BE HEARD BY: **April 13, 2023**.

NON-EXPERT DISCOVERY CUTOFF: **January 13, 2023**.

OPENING REPORTS: **January 17, 2023**

REBUTTAL REPORTS: **February 27, 2023**.

DISCOVERY LIMITATIONS:

Interrogatories:     Requests for Documents:
Depositions:  Requests for Admissions:

United States District Court
Northern District of California

DISCOVERY DISPUTES:  Parties must file a joint letter brief not to exceed five pages. On receipt of the Joint Letter, the court will determine what, if any, future proceedings are necessary

LAST DAY TO AMEND PLEADINGS:  no later than 90 days before fact discovery cutoff date a motion or a stipulation must be filed so sufficient time remains to conduct discovery on added claims or parties.  **Doe defendants must be identified** by this deadline, or they will be dismissed.

[X] REFERRED TO ADR FOR Private Mediation to be completed by October 12, 2022.

ADDITIONAL ORDERS:

## PRETRIAL INSTRUCTIONS

## A.  PRETRIAL MOTIONS

1.  All dispositive motions are heard **no later than 120 days before trial**, unless leave of court is obtained for another deadline.

2.  Only **one** summary judgment motion may be filed by each side, absent leave of court.  Leave of court may be sought if multiple parties comprise one or both sides. Leave of court may be obtained by filing a motion for administrative relief pursuant to Civ. L. R. 7-11, or by requesting a case management conference or informal telephone conference.

3.  **Separate** statements of undisputed facts in support of or in opposition to motions for summary judgment shall NOT be filed.  See Civil L. R. 56-2.  The parties may file a truly joint statement of undisputed facts only if all parties agree that the facts are undisputed.

4.  **Objections** to evidence may no longer be filed separately but must be contained within a brief or memorandum.  Civil L. R. 7-3.

5.  Each party filing or opposing a motion shall also serve and file a **proposed order** which sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority that the party requests the court to adopt.

6.  **Chambers copies** of each electronically-filed document must include on each page the running header created by the ECF system and must be delivered to the

United States District Court
Northern District of California

Clerk's Office by noon the day following its filing.  (Note: These deadlines differ from those in Civil L. R. 5-1(e)(7)(A).)  All documents must be stapled or bound by a two-pronged fastener, and all exhibits to declarations or requests for judicial notice must be tabbed.

7. **Footnotes** in briefs appearing in smaller than the 12-point font required for the text, will be stricken, see Civil L. R. 3-4(c)(2), as will footnotes that are so numerous as to be clearly designed to defeat the page limits found at Civil L. R. 7-2 - 7-4.  Any brief must separate sentences by **2 spaces** after each sentence.

8. Motions pursuant to **Daubert v. Merrill Dow Pharmaceuticals, Inc.**, 509 U.S. 579 (1993), challenging the reliability of expert testimony, may be noticed for hearing on the date dispositive motions will be heard or on any available hearing date up to and including the date of the final pretrial conference.  Irrespective of the hearing date, the briefs shall be filed in accordance with Civil L. R. 7-2 - 7-5, that is, on a 35-day briefing schedule.

9. **Motions *in limine*** are limited to motions to exclude specific items of evidence on a ground and upon such authority as would be sufficient to sustain an objection to such evidence at trial.  The court will not generally consider a motion presenting a purely legal issue in the guise of a motion in limine.

10. Discovery motions will be referred to a Magistrate Judge for resolution.  The words "Discovery Matter" shall appear in the caption of all documents relating to discovery to insure proper routing.

11. **Confidential and/or sealed documents** shall be handled in accordance with this court's standing order and Civil L.R. 79-5, both of which the parties shall consult before moving for a protective order or requesting a sealing order.  Requests to seal documents used in conjunction with dispositive motions are rarely granted and then only upon a showing of the most compelling of reasons.

B. **FINAL PRETRIAL CONFERENCE**

1. Each party shall attend personally or by counsel who will try the case.

United States District Court
Northern District of California

2. **Not less than 35 days** prior to the pretrial conference, all counsel and/or parties shall meet and confer regarding preparation of the joint pretrial statement.

3. **Not less than 28 days** prior to the pretrial conference, counsel and/or parties shall:

   a. Serve and file a **joint** pretrial statement. (Separately filed statements will not be accepted by the court and monetary sanctions will be imposed upon the party failing to cooperate in the preparation of a joint statement).

   The pretrial statement shall include the following:

      i. A brief description of the substance of the claims and defenses which remain to be decided.

      ii. A detailed statement of all relief sought, itemizing all elements of damages claimed.

      iii. A statement of all relevant undisputed facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

      iv. A statement of all relevant disputed facts which remain to be decided.

      v. A statement of stipulations requested or proposed.

      vi. A brief statement of disputed points of law concerning liability and relief. Legal argument on these points shall be reserved for the trial briefs.

      vii. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

      viii. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

   b. Serve and file trial briefs (not to exceed 25 pages), which shall specify each cause of action and defense remaining to be tried along with a statement of the applicable legal standard (no opposition shall be filed);

   c. Serve and file no more than ten motions in limine, which shall be filed in one document not to exceed 25 pages;

d.  Serve and file a list of deposition excerpts for witnesses who will not testify in person, (specifying the witness, page and line references) and other discovery responses that will be offered at trial;

e.  Serve and file a list of all witnesses to be called at trial, in person or by deposition, other than solely for impeachment or rebuttal, with a brief statement describing the substance of the testimony to be given;

f.  Serve and file a numerical list of exhibits that will be offered as evidence in a party's case in chief in support of a claim or defense, with a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

g.  Exchange exhibits which shall be premarked with an exhibit sticker (example attached), tabbed and in binders. Plaintiff shall use numbers (1, 2, 3, etc.) and defendant shall use numbers preceded by a letter (A-1, A-2, A-3, etc.). Additional parties shall also use a letter preceding numbers (B-1, B-2, B-3, or C-1, C-2, C-3, etc.).

h.  Submit two sets for jury trials and three sets for court trials of all premarked exhibits to the Clerk's Office (exhibits are not filed);

i.  Serve and file any request regarding the treatment of confidential or sealed documents.

j.  Serve and file proposed joint voir dire questions and joint jury instructions for cases to be tried by jury;

k.  Serve and file proposed findings of fact and conclusions of law for cases or claims to be tried by the court.

l.  Serve and file a proposed verdict form which contains no reference to submitting party.

4.  No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in these pretrial filings without leave of court and for good cause.

United States District Court
Northern District of California

5. **Not less than 14 days** prior to the pretrial conference, counsel and/or parties shall serve and file any opposition to a motion in limine and any counter deposition designations.  No replies shall be filed.  All motions shall be heard at the pretrial conference unless otherwise ordered.  The parties shall not file separate objections, apart from those contained in the motions in limine, to the opposing party's witness list, exhibit list or discovery designations.  **A courtesy copy of any opposition brief must be delivered to the Clerk's Office no later than noon the day following the filing**.

6. In advance of the pretrial conference, counsel and/or parties shall review the court-approved video entitled Understanding the Effects of Unconscious Bias, available at https://cand.uscourts.gov/attorneys/jury-video, which is designed to educate potential jurors about the role of unconscious bias in the work of juries. Counsel and/or parties shall be prepared at the pretrial conference to discuss any objections to showing this video to potential jurors before the jury selection process.  Any objections to the video that are not raised at the pretrial conference will be deemed waived.

7. If counsel, parties and/or witnesses will require any special accommodations during trial, such requests shall be raised at the pretrial conference.

## C.  JURY TRIAL

Jury Selection shall proceed as follows:  The Jury Commissioner will summon 20 to 25 prospective jurors.  The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.  Voir dire will be conducted of sufficient venire members so that six to eight will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The court will then take cause challenges and discuss hardship claims at side bar. The court will inform counsel which hardship claims and cause challenges will be granted, but will not announce those dismissals until the selection process is completed.

United States District Court
Northern District of California

1   Peremptory challenges will be made in writing.  The court will strike at one time those

2   with meritorious hardship claims, those excused for cause, and those challenged

3   peremptorily, and then seat the first six to eight people remaining in numerical order.

4         The attached <u>voir dire</u> questionnaire shall be given to the venire members and

5   copies of the responses will be made available to counsel at the beginning of voir dire.

6   Counsel shall submit a **joint set** of additional voir dire questions to be posed by the court.

7   Any voir dire questions on which counsel cannot agree may be submitted separately.

8   Counsel will be permitted brief follow-up voir dire after the court's questioning.

9         The following jury instructions from the <u>Ninth Circuit Manual of Model Jury</u>

10  <u>Instructions Civil</u> (2017 Edition) shall be given absent objection:  1.3 - 1.7, 1.9 - 1.18, 1.20

11  - 1.21, 3.1 - 3.3, and 3.5.  Counsel shall submit a **joint set** of these instructions along

12  with case specific instructions using the Ninth Circuit Manual where appropriate.  Any

13  instructions on which counsel cannot agree may be submitted separately.  Each

14  instruction shall be typed in full on a separate page with citations to the authority upon

15  which it is based **and** a reference to the party submitting it.  A second blind copy of each

16  instruction shall also be submitted omitting the citation to authority and the reference to

17  the submitting party, but retaining the title of the instruction.  An electronic version of the

18  proposed instructions in Microsoft Word format (.doc or .docx) must be emailed to the

19  court's proposed order mailbox: pjhpo@cand.uscourts.gov.

20  **D.  TRIAL SCHEDULE**

21        The court's trial schedule is 8:30 a.m. to 1:30 p.m. with two fifteen-minute breaks,

22  on Monday, Tuesday, Thursday and Friday.

23  **E.  PROCEDURE FOR AMENDING THIS ORDER**

24        No provision of this order may be changed except by written order of this court

25  upon its own motion or upon motion of one or more parties made pursuant to Civil L. R.

26  7-11 with a showing of good cause.  Parties may file a formal brief, but a letter brief will

27  suffice.  The requesting party shall serve the opposing party on the same day the motion

28  is filed and the opposing party shall submit a response as soon as possible but no later

1   than four days after service.

2          If the modification sought is an extension of a deadline contained herein, the

3   motion must be brought <u>before</u> expiration of that deadline.  **The parties may not modify**

4   **the pretrial schedule by stipulation**.  A conflict with a court date set after the date of

5   this order does not constitute good cause. The parties are advised that if they stipulate to

6   a change in the discovery schedule, they do so at their own risk.  The only discovery

7   schedule that the court will enforce is the one set in this order.

8          **IT IS SO ORDERED.**

9   Dated: July 15, 2022

10                                                  _/s/ Phyllis J. Hamilton_____
                                                    PHYLLIS J. HAMILTON
11                                                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONFIDENTIAL
JUROR QUESTIONNAIRE**

Please fill out this form as completely as possible and print clearly.  This will assist the judge and the lawyers in selecting a jury and will save time for them and for you.  Because copies will be made for the attorneys and the judge, do not write on the back of any page.  If you need more room, continue at the bottom of the page.  Thank you for your cooperation.

1.    Your name: _____

2.    Your age: _____

3.    City in which you reside: _____

4.    If you have lived there for fewer than five years, where did you live before:

_____

5.    Your place of birth: _____

6.    Do you own or rent your home?   [ ] own        [ ] rent

7. Your marital status:

[ ] Single    [ ] Married    [ ] Separated    [ ] Divorced    [ ] Widowed    [ ] Live with Partner

8.    What is your occupation and how long have you worked in it?
      (If you are retired, please describe your main occupation when you were working).

_____

_____

9.    Who is (or was) your employer? _____

10.    If you have held this job for fewer than five years, describe your previous job:

_____

11.    Please list the occupations of any adults with whom you live:

_____

_____

United States District Court
Northern District of California

12.     If you have children, please list their ages and genders and, if they are employed, please give their occupations.

_____

_____

13.     Please describe your educational background:

Highest grade completed: _____

College and/or vocational schools you have attended:

_____

_____

Major areas of study: _____

14.     Have you served in the military? _____

15.     Have you ever had jury experience? _____ No. of times? _____

If yes:        State/County Court _____ Federal Court _____

When? _____

Was it a civil or criminal case? _____

Did any of the juries reach a verdict? _____

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case #: _____ PIntf Exhibit No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk | Case #: _____ PIntf Exhibit No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk | Case #: _____ PIntf Exhibit No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
| Case #: _____ PIntf Exhibit No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk | Case #: _____ PIntf Exhibit No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk | Case #: _____ PIntf Exhibit No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
| Case #: _____ PIntf Exhibit No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk | Case #: _____ PIntf Exhibit No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk | Case #: _____ PIntf Exhibit No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk |

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case #: _____ Deft Exhibit Letter-No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk | Case #: _____ Deft Exhibit Letter-No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk | Case #: _____ Deft Exhibit Letter-No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
| Case #: _____ Deft Exhibit Letter-No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk | Case #: _____ Deft Exhibit Letter-No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk | Case #: _____ Deft Exhibit Letter-No. _____ Date Admitted: _____ By: _____ Kelly Collins, Deputy Clerk |