UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ACTIAN CORPORATION,
    Plaintiff,
    v.
RADISYS CORPORATION, et al.,
    Defendants.

Case No. 22-cv-00895-PJH

**DISCOVERY ORDER**

Re: Dkt. No. 50

Before the court is a discovery letter brief. The jointly-submitted letter brief details five areas of ongoing discovery disputes. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

The first four issues in the letter brief all appear to be based on defendants' delay in production, summarized as follows:

1. Whether defendant Anam Technologies, Ltd., may delay further responses to discovery requests until its pending motion to dismiss for lack of personal jurisdiction (Dkt. 47) is resolved;
2. Whether defendant Radisys Corporation may delay scheduling depositions of fact witnesses until it anticipates completing associated document production;
3. Whether both defendants may delay scheduling depositions of 30(b)(6) witnesses until they anticipate completing associated document production; and
4. Whether both defendants must be compelled to complete their respective document productions without further delay.

Regarding Anam's self-imposed stay, as plaintiff notes, the "Federal Rules of Civil Procedure do not provide for an automatic stay of discovery pending resolution of a motion to dismiss." In re Valence Tech. Sec. Litig., No. C 94-1542-SC, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994). Here, defendant Anam may not avoid its discovery obligations merely because it filed a motion to dismiss. Anam has not moved for a stay or a protective order to delay the discovery process. Though Anam objects to merits discovery as "unnecessary, costly, and burdensome," such protest falls short in light of its participation in the case to date, including by answering the complaint (Dkt. 45) and its agreement to the case schedule, including deadlines for discovery, dispositive motions, and trial (Dkt. 44). Therefore, Anam's objection to plaintiff's discovery requests while the motion to dismiss remains pending is OVERRULED.

Regarding Radysis's delays in production, such delays appear based on the difficulties inherent in the review and production of responsive documents in commercial litigation. Radysis and its counsel report that they continue to review and produce documents, apparently on a rolling basis. Plaintiff's request that the court compel outstanding production of documents without further delay is DENIED in light of Radysis's report of diligent engagement in the discovery process. Radysis's request for the court to preclude re-deposing witnesses based on supplemental production of documents, however, is also DENIED because plaintiff's diligence in conducting discovery need not be restricted by Radysis's delays, understandable as they may be.

Relatedly, while defendants' attempts to hold off scheduling Rule 30(b)(6) depositions until further production is completed appear partially based in the interests of efficiency, plaintiff must be permitted to timely conduct discovery. Therefore, defendants' objections to plaintiffs' attempts to schedule depositions are OVERRULED. The court trusts that the parties will diligently work to schedule and complete necessary depositions without abuse of the process and without court intervention.

//

//

The fifth issue identified in the parties' letter brief is summarized as follows:

5. Whether the 10-deposition limit of Rule 30(a)(2)(A)(i) should be increased to 17 witnesses to accommodate the several potential witnesses identified by defendants.

Defendants' objection to the preemptive expansion of the number of depositions is SUSTAINED. As they note, no depositions have yet been taken, and it is thus premature for plaintiff to seek additional depositions.

**IT IS SO ORDERED.**

Dated: October 11, 2022

>*/s/ Phyllis J. Hamilton*
>PHYLLIS J. HAMILTON
>United States District Judge